UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AVTAR SINGH On Behalf of Himself and All Others
Similarly Situated,

                       Plaintiffs,

           -vs.-

FLAG DEVELOPMENT LLC, LUIS SEGUERRA,
HUGO VICTOR and JOSE MARTINEZ,

                      Defendants.
-------------------------------------------------------------------X

Case No.:

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff AVTAR SINGH ("Mr. Singh") on behalf of himself and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against FLAG DEVELOPMENT LLC ("Flag Development") LUIS SEGUERRA ("Seguerra"), HUGO VICTOR ("Victor") and JOSE MARTINEZ ("Martinez") (together "Defendants") allege upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a); (ii) the overtime provisions of New York Labor Law § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iii) the requirement that employers furnish employees with accurate wage statements on each

1

payday containing specific categories of information under the NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for the Defendants, a construction company and its operators, as a general laborer. Throughout Plaintiff's tenure, Defendants required Plaintiff and those similarly situated to begin work on job sites 15 minutes before clocking in and automatically deducted a 30-minute break from the Plaintiff's pay every day.  However, Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs were not actually afforded an uninterrupted break, amounting to Defendants stealing 30 minutes' worth of wages from the Plaintiff, the FLSA Plaintiffs and the Rule 23 Plaintiffs every workday.

3. Also, Defendant failed to furnish the Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs with accurate wage statements on each payday as the NYLL requires.

4. Defendant paid and treated all their non-exempt employees in a similar manner.

5. Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's willful violations of the FLSA.

6. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. Jurisdiction is based upon 28 U.S.C. §§ 1331 1343, insofar as it involves statutes of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

8. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

10. At all relevant times herein relevant, Plaintiff Singh is a resident of the State of New York, and resides in Queens County.

11. At all times herein relevant, Plaintiff Singh was an "employee" within the meaning of NYLL § 190(2).

12. At all times herein relevant, Plaintiff Singh was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

13. Upon information and belief, at all relevant times herein, Flag Development was and is a domestic limited liability company created under the laws of the state of New York.

14. Flag Development is a for-profit company.

15. Upon information and belief, at all relevant times herein, Flag Development has its principal place of business located at 10-40 Borden Avenue, Long Island City, New York 11101.

16. At all relevant times herein, Defendant Flag Development was and is an "employer" of the Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs within the meaning of the FLSA, and the NYLL.

17. Pursuant to the above referenced notice, each of the above referenced individuals are personally liable for unpaid wages to the Plaintiff as well as the putative class and collective.

18. Upon information and belief, for the calendar year 2020 Flag Development's gross receipts were not less than $500,000.00.

19. Upon information and belief, for the calendar year 2021 Flag Development's gross receipts were not less than $500,000.00.

20. Upon information and belief, for the calendar year 2022 Flag Development's gross receipts were not less than $500,000.00.

21. Upon information and belief, for the calendar year 2023 Flag Development's gross receipts will not be less than $500,000.00.

22. Defendants were engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business which originated in states other than New York, the combination of which subject Defendants to the FLSA's overtime requirements as an enterprise. This includes, but is not limited to, tools, cement, and scaffolding.

23. Furthermore, the Defendants' employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

24. At all relevant times herein, Defendant Seguerra was a resident of the State of New York and has an actual place of business located at 10-40 Borden Avenue, Long Island City, New York 11101.

25. At all relevant times herein, Defendant Seguerra was the president, and/or owner, and/or day-to-day overseer of Flag Development.

26. At all relevant times herein, Defendant Victor was a resident of the State of New York and has an actual place of business located at 10-40 Borden Avenue, Long Island City, New York 11101.

27. At all relevant times herein, Defendant Victor was the president, and/or owner, and/or day-to-day overseer of Flag Development.

28. At all relevant times herein, Defendant Martinez was a resident of the State of New York and has an actual place of business located at 10-40 Borden Avenue, Long Island City, New York 11101.

29. At all relevant times herein, Defendant Martinez was the president, and/or owner, and/or day-to-day overseer of Flag Development.

30. Defendants Seguerra, Victor and Martinez were foremen for Flag Development.

31. Defendants Seguerra, Victor and Martinez had the power to hire employees at Flag Development.

32. Defendant Seguerra hired Mr. Singh in July 2021.

33. Upon information and belief, Defendants Seguerra, Victor and Martinez had the power to fire employees at Flag Development.

34. Defendants Seguerra, Victor and Martinez controlled the terms of the Plaintiff's employment in that they would tell him what tasks to complete and on what time frame they needed to be completed.

35. Upon information and belief, Defendants Seguerra, Victor and Martinez controlled the work schedule of all of the employees of Flag Development, including the Plaintiff's work schedule.

36. Upon information and belief, Defendants Seguerra, Victor and Martinez controlled the rates and methods of payment of each of the employees of Flag Development, including the Plaintiff's pay rates and methods of pay.

37. Defendants Seguerra, Victor and Martinez paid the Plaintiff his wages and the wages of all other employees at Flag Development.

38. At all times herein pertinent, the Plaintiff performed his duties for Defendant Flag Development at the direction and under the control of Defendants Seguerra, Victor and Martinez.

39. Upon information and belief, and at all times herein pertinent, Defendants Seguerra, Victor and Martinez exercised close control over the managerial operations of Flag Development, including the policies and practices concerning employees.

40. At all times herein pertinent, Defendants Seguerra, Victor and Martinez controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Flag Development in general, and with respect to the Plaintiff in particular.

41. At all times herein pertinent, Defendants Seguerra, Victor and Martinez acted as the Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiffs seek to bring this suit to recover from Defendants their full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed work for Defendants as non-exempt employees, regardless of job title in the City of New York who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

43. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

44. At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendant purposefully chose not to do so. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

45. In addition, Plaintiffs seek to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on their own behalf, individually, as well on

7

behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

46. Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and,

e. A class action is superior to other methods of adjudication.

47. The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed work as non-exempt employees regardless of job title, in the City of New York ("Rule 23 Plaintiffs").

**Numerosity**

48. During the previous six years, Defendants have employed, in total, at least one hundred employees that are putative members of this class.

**Common Questions of Law and/or Fact**

49. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one

half times their respective straight-time rates of pay for all hours worked per week over forty; whether Defendants paid the Rule 23 Plaintiffs for hours they worked; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

### Typicality of Claims and/or Defenses

50. As described in the background facts section below, Defendants, despite the title that it assigned to Plaintiff, employed Plaintiff as a non-managerial, non-exempt employee. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, and Defendants failed to pay Plaintiffs overtime. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, and to be furnished with accurate wage statements. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack

of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

## **Adequacy**

51. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. The Defendants did not pay Plaintiffs overtime pay for their hours worked over forty each week, did not pay Plaintiffs for all the hours they worked and paid Plaintiffs every two weeks, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs. Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

## **Superiority**

52. Plaintiff has no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

53. Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

54. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

55. Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## BACKGROUND FACTS

56. Defendants own and operate a construction company in New York City.

57. From six years prior to the commencement of this action Defendants employed non-exempt laborers throughout New York City.

58. Mr. Singh worked for Defendants from on or about July 5, 2021 until on or about December 14, 2022

59. Throughout his employment, Mr. Singh worked as a general laborer. In that role, Mr. Singh, like all laborers, helped others perform their duties, mixed cement, load and unload materials, cut wood, and put up sheet rock.

60. Throughout his employment, Defendants scheduled Mr. Singh to work and he did in fact work Monday through Friday from 8:00AM until 4:30PM. However, Plaintiff, and similarly situated individuals, were required to arrive and begin work at least 15 minutes before clocking in.

61. Throughout his employment with the Defendant, for every 8.5 hours worked by the Plaintiff, Defendant would only pay for 8.0 hours.

62. This deduction was purportedly for a meal break, however, Plaintiff and Class Members were not afforded a full 30 minute break from work. Rather, their meal breaks were approximately 10 minutes. Moreover, during these breaks, Plaintiff and Class Members were not allowed to leave their work location.

63. In an effort to minimize their overtime costs and skirt wage and hour laws, throughout their employment, Defendant failed to pay Plaintiff for all hours he worked.

Specifically, despite knowing that they were to pay employees for every hour worked, they automatically deducted 30 minutes from every 8.5 hour shift worked by the Plaintiff.

64. Throughout his employment with the Defendant, Mr. Singh was paid $24.00 per work hour.

65. Throughout the statutory period, Defendant failed to compensate Mr. Singh at one- and one-half times his applicable regular rate of pay for all hours worked over 40 per week.

66. Throughout the statutory period, Defendant paid Mr. Singh every week without providing him with accurate wage statements that reflected the amount of hours that he worked.

67. Defendants acted in the manner described herein so as to maximize their profits while minimizing his labor costs.

68. Every hour that Plaintiffs worked was for Defendants' benefit.

69. Defendants treated Rule 23 Plaintiffs in the manner described above.

### *FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Overtime under the FLSA*

70. Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

71. Defendants were required to directly pay the Plaintiffs and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

72. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

73. As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

74. The Defendants willfully violated the FLSA.

75. As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

76. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

77. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Overtime under the NYLL*

78. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

79. Defendants were required to directly pay the Plaintiffs and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

80. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

81. As also described above, Plaintiffs and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

82. Due to Defendants' violations of the New York Labor Law, Plaintiffs and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Nonpayment of Straight Time Wages*

83. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

84. Named Plaintiff and the Rule 23 Class routinely worked over 40 hours in a given work week.

85. Defendant has willfully failed to pay all straight time wages due and owing to the Plaintiff and the Rule 23 Class.

86. Due to Defendants' violations of the New York Labor law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendant their unpaid straight times wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Wage Statements in Violation of the NYLL*

87. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

88. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

89. As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

90. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the statutory cap of $2,500.

91. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

92. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

  d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

  f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for the Defendants' unlawful payment practices;

  g. Declaring Defendants' violations of the FLSA and NYLL were willful;

  h. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  j. Designation of Plaintiff and their counsel as collective/class action representatives under the FLSA and the FRCP;

  k. Awarding punitive damages;

  l. Pre-judgment and post-judgment interest, as provided by law;

  m. Awarding such other and further relief as available under the statues; and

  n. Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        September 19, 2023

                                                Respectfully submitted,
                                                LAW OFFICES OF WILLIAM CAFARO

                                                _____
                                                By: Amit Kumar, Esq. (AK 0822)
                                                *Attorneys for the Named Plaintiff as Well as the Putative Class*
                                                108 West 39th Street, Suite 602
                                                New York, New York 10018
                                                (212) 583-7400
                                                AKumar@CafaroEsq.com